**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA,**  **Plaintiff,**  v.  **CLARENCE MCFARLAND (1),**  **Defendant.** | CRIMINAL NO. SA-19-CR-733-XR-1 |

**GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION FOR EVIDENTIARY HEARING AND REQUEST FOR DISCOVERY**

This case arises out of an investigation into the provenance of .50 caliber rifles that were discovered in Mexico. The investigation led agents to the Defendant, who admitted that he purchased .50 caliber rifles in San Antonio for another person and recruited straw purchasers to do the same. On October 1, 2020, Defendant pleaded guilty to one count of an Indictment, which charged him and others with participating in a conspiracy to make a false statement during purchase of a firearm.[1] Both parties submitted objections to the initial presentence investigation report ("PSR"). Defendant's calculated offense level was increased by two levels for obstruction of justice, based on information the Government provided to the probation officer that Defendant instructed at least one straw purchaser to lie about the whereabouts of a weapon that he/she had purchased. Defendant now seeks to discover the identity of the person or persons who made that accusation. Defendant is not entitled to that information. Providing Defendant with the identity of a cooperating individual or individuals would permit undue harassment and intimidation. Defendant's motion should be denied.

---

[1] The Government will dismiss the remaining charges in the Indictment against Defendant upon imposition of sentence.

1

**I.      The Government joins Defendant's request for an evidentiary hearing.[2]**

Defendant's sentencing is currently set for February 24, 2021. Federal Rule of Criminal Procedure 32 provides that "[t]he court may permit the parties to introduce evidence on the objections." With the Court's permission, the Government intends to do precisely that. The Government has already provided Defendant with the substance of the allegations relating to obstruction of justice and the identity of the case agent who will testify regarding those allegations, as well as Defendant's objections to the PSR. The Government agrees that both parties should have the opportunity to introduce evidence regarding their respective objections to the PSR.

**II.     Defendant is not entitled to further discovery.**

As part of Defendant's plea agreement, he waived "the right to any additional discovery, including those rights conferred by Rule 16(a), Federal Rules of Criminal Procedure and the Court's Standing Discovery Order." Plea Agreement, p. 5. Defendant's waiver alone should dispose of his motion for discovery.

Even had he not waived the right to additional discovery, as Defendant acknowledges, there is no generalized right to discovery after a guilty plea has been entered. *See, e.g.*, *United States v. Reed*, No. 97-20371, 1998 WL 44521 (5th Cir. Jan. 23, 1998) (holding that defendant's challenge to sentence on the ground "that she was entitled to discovery at sentencing" was "without merit"); *United States v. Brown*, No. 03-10483, 2003 WL 22669172 (5th Cir. Nov. 12, 2003) ("[C]riminal defendants do not have a due process right to be notified in advance of the Government's witnesses at sentencing or the substance of their testimony."[3]) (citing *United States v. Moore*, 225 F.3d 637, 644 (6th Cir. 2000) (holding that defendant had no due process right to review evidence obtained by probation officer in preparing

---

[2] Defendant's request for an evidentiary hearing relies on *Ward v. Whitley*, 21 F.3d 1355 (5th Cir. 1994), which discussed evidentiary hearings in habeas petitions, not sentencings. Nevertheless, the Government agrees with Defendant that an evidentiary hearing is appropriate.
[3] Although Defendant was not entitled to notification of the Government's anticipated witness or the substance of his testimony at sentencing, the Government has voluntarily provided that information.

PSR)). Defendant is not entitled to discover the identity of a cooperating individual or individuals whom Defendant allegedly instructed to lie at this time.[4]

Defendant's citation to *United States v. Rueben*, 842 F. Supp. 262 (S.D. Tex. 1994) is inapposite. *Rueben* concerned whether the Government had breached a plea agreement by refusing to move for a downward departure without a reasonable basis for its refusal. The factual issues to be resolved by the sought-after discovery in *Rueben* concerned Rueben's suitability as a witness against his co-defendants based on the Government's assessment of his interviews. That question is distinguishable from the one presented here—whether various adjustments to Defendant's offense level should be applied based on the degree and nature of his criminal conduct.

There is no general entitlement to discovery after a guilty plea. Even if there were, Defendant waived any right to further discovery in his plea agreement. Defendant's motion should be denied.

### III. Providing Defendant with the identity of a cooperating individual or individuals would likely result in harassment and/or intimidation.

In any criminal case where the identity of a cooperating individual is disclosed, there is a risk that a defendant or his associates may seek to intimidate, harass, or even harm that person. That risk is particularly acute here. The Government has already provided information to the probation officer to substantiate an allegation that Defendant instructed at least one straw purchaser to lie to federal agents. In other words, Defendant has already tried to unlawfully influence at least one potential witness against him. Defendant should not be provided with an enhanced opportunity to do so again.

### III. Conclusion

Both the Government and Defendant made objections to the PSR, which an evidentiary hearing would be helpful in resolving. Therefore, the Government agrees that both parties should have the opportunity to present evidence at sentencing. However, Defendant is not entitled to further

---

[4] If permitted to introduce testimony from a case agent at sentencing, the Government will produce his statement voluntarily to Defendant, in accordance with Fed. R. Crim. Proc. 32(i)(2) and 26.2.

discovery, and, in any event, waived any right to additional discovery in his plea agreement. Defendant's motion for discovery should be denied.

                                            Respectfully submitted,

                                            GREGG N. SOFER
                                            UNITED STATES ATTORNEY

                                            _____/s/_____
                                            Eric Yuen
                                            Assistant United States Attorney
                                            601 NW Loop 410, Suite 600
                                            San Antonio, Texas 78216
                                            (210) 384-7131

## CERTIFICATE OF SERVICE

      I hereby certify that on January 13, 2021, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the parties of record.

                                                        /s/
                                     Eric Yuen
                                     Assistant United States Attorney

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | |
| **Plaintiff,** | CRIMINAL NO. SA-19-CR-733-XR-1 |
| v. | |
| **CLARENCE MCFARLAND (1),** | |
| **Defendant.** | |

## ORDER ON DEFENDANT'S MOTION FOR EVIDENTIARY HEARING AND DISCOVERY ON OBJECTIONS TO PSR

On this date came to be considered Defendant's motion for an evidentiary hearing and for discovery on the parties' objections to the presentence investigation report ("PSR"). Having considered the same, the Court finds that said motion should be GRANTED in part, DENIED in part, and enters the following order:

IT IS ORDERED that Defendant's motion for an evidentiary hearing is GRANTED. The parties shall have the opportunity to present evidence on their objections to the PSR pursuant to Fed. R. Crim. Proc. 32(i)(2) at the time of sentencing.

IT IS FURTHER ORDERED that Defendant's motion for discovery on the parties' objections to the PSR is DENIED.

SIGNED AND ENTERED this _____ day of _____, 2021.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE